BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:15-MC-00005-TLN-KJN |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $15,020.00 IN U.S. CURRENCY, and | |
| APPROXIMATELY $14,000.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.     On July 31, 2014, the Drug Enforcement Administration ("DEA") seized Approximately $15,020.00 in U.S. Currency (the "Wise defendant currency") and Approximately $14,000.00 in U.S. Currency (the "Hawthorne defendant currency" and together with the Wise defendant currency, collectively, the "defendant currency"), from Wise and Hawthorne at the Sacramento International Airport in Sacramento, California.

2.     The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about October 15, 2014, the DEA received claims from Wise and Hawthorne asserting ownership interests in the defendant currency.

1

3. The United States represents that it could show at a forfeiture trial that on July 31, 2014, the DEA received information regarding suspicious travel by Wise and Hawthorne, who were traveling on Delta Airlines from Milwaukee, Wisconsin to Sacramento, California. DEA agents responded to Sacramento International Airport and contacted Wise and Hawthorne. A DEA agent located Wise on the concourse and conducted a consensual interview and search of Wise's carry-on luggage. After a preliminary search, the agent asked Wise to accompany him to a private room. As the agent spoke with Wise, a second agent noticed Hawthorne exit the women's bathroom and begin walking towards Wise. The agent observed Hawthorne stop abruptly when she saw that Wise's bag was being searched. Hawthorne appeared frightened and did not move until she was approached by the agent. When asked, Hawthorne told the agent she was traveling alone and carrying "a couple g's." The agent asked Hawthorne to accompany him to a private room to determine if the money was from a legitimate source.

4. The United States represents that it could further show at a forfeiture trial that once inside the private room, law enforcement agents removed three stacks of cash from Wise's carry-on bag. The cash was rubber banded in approximately $5,000.00 increments and concealed inside clothing items. All the cash was in $20.00 denominations and totaled approximately $15,020.00. Law enforcement agents also searched Hawthorne's bag and discovered four stacks of similarly rubber-banded currency concealed inside clothing items. The cash from Hawthorne's bag totaled approximately $14,000.00.

5. The United States represents that it could further show at a forfeiture trial that the two sums of defendant currency were presented to a drug detection dog. The dog positively alerted to the odor of narcotics on both sums of defendant currency.

6. The United States represents that it could further show at a forfeiture trial that Wise's criminal history includes numerous charges for possession of a controlled substance with intent to deliver.

Consent Judgment of Forfeiture

7. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

8. Without admitting the truth of the factual assertions contained above, Ricky Wise and Valencia C. Hawthorne specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Ricky Wise and Valencia C. Hawthorne agree that an adequate factual basis exists to support forfeiture of the defendant currency.  Ricky Wise and Valencia C. Hawthorne hereby acknowledge that they are the sole owners of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Ricky Wise and Valencia C. Hawthorne shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $14,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60

days thereafter, $15,020.00 in U.S. Currency shall be returned to claimants Ricky Wise and Valencia C. Hawthorne through their attorney Robert E. Webb, Jr.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

Dated: March 4, 2015

_____
Troy L. Nunley
United States District Judge